## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Tasha Chapman,**

    **Plaintiff,**                    **Case No. 2:24-cv-2051**

    **v.**                          **Judge Michael H. Watson**

**Justin Davis**, *et al.*,            **Magistrate Judge Deavers**

    **Defendants.**

## <u>OPINION AND ORDER</u>

Tasha Chapman ("Plaintiff") moves for a temporary restraining order ("TRO"). ECF No. 14. For the following reasons, the motion is **STRICKEN** or, in the alternative, **DENIED**.

First, for all the reasons explained in the Court's prior Order, ECF No. 13, the motion is **STRICKEN**. The motion for a TRO is unrelated to the claims asserted in the Complaint and, therefore, should not have been filed in this case absent a proper amendment to the Complaint. Instead, Plaintiff should have instituted a new case and moved for emergency relief in that case.

In the alternative, the Court denies the motion.

First, the *Rooker-Feldman* doctrine likely bars the relief Plaintiff seeks with the motion. "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257[.]" *In re*

*Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (citations omitted). Thus, "federal district courts lack jurisdiction to review such matters." *Id*. (citation omitted). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). When considering whether the *Rooker-Feldman* doctrine bars a claim, the "pertinent question" is "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state-court judgment." *In re Cook*, 551 F.3d at 548 (quotation marks and citation omitted).

Applied here, the *Rooker-Feldman* doctrine bars the relief Plaintiff seeks through a TRO. In her motion for a TRO, which essentially asserts a new claim against Defendants[1], Plaintiff asks the Court for an order "dismissing and vacating" the state court's order and judgment evicting Plaintiff. Mot., ECF No. 14. "An action which seeks to prevent the execution of an order of eviction is exactly the type for which dismissal pursuant to the *Rooker-Feldman* doctrine is appropriate." *Leaphart v. Detroit Hous. Comm'n*, No. 12-13960, 2012 WL 12892146, at *2 (E.D. Mich. Oct. 18, 2012) (quotation marks

---

[1] Because the motion for a TRO asserts an entirely new claim, and because the motion for a TRO post-dates the state court's order, this Court never had proper concurrent jurisdiction over the new claim. *See generally*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)

and citation omitted).  In sum, because the state court's eviction order, ECF No. 14-1 at PAGEID # 251, is the source of the injury Plaintiff seeks to remedy with a TRO, the *Rooker-Feldman* doctrine bars such relief.  *See Diamond v. Genesee Cnty. Land Bank*, No. 21-1461, 2022 WL 1462547, at *2 (6th Cir. Jan. 7, 2022) ("[The plaintiff's] complaints about the eviction fall squarely in the scope of the *Rooker-Feldman* doctrine.").

In the alternative (again), the motion fails on the merits.  To prevail on a motion for a TRO, a plaintiff must demonstrate "a strong likelihood of success on the merits."  *Ohio Democratic Party v. Donald J. Trump for President, Inc.*, No. 16-4268, 2016 WL 6608962, at *1 (6th Cir. Nov. 6, 2016).  As explained above, the motion for a TRO does not seek relief for any of the wrongs alleged in the Complaint.  *Compare* Mot., ECF No. 14 *with* Compl., ECF No. 1-1.  Thus, because the motion for a TRO is not based on any claim, Plaintiff does not show a "strong likelihood of success on the merits" for any claim and, as a result, is not entitled to a TRO.  Moreover, a motion is not an appropriate mechanism through which to amend a complaint.  *Cf. Drinkard v. Tenn. Dept of Children's Servs.*, No. 2:08-CV-005, 2008 WL 2609166, at *5 (E.D. Tenn. June 26, 2008) ("[T]he allegations in plaintiffs' response briefs

have not been properly placed before the court and have not been considered.").[2]

At bottom, Plaintiff's motion for a TRO is **STRICKEN** and, in the alternative, **DENIED**.

The Clerk shall terminate ECF No. 14 and shall designate ECF No. 5 as "Stricken," per ECF No. 13.

**IT IS SO ORDERED.**

___*/s/ Michael H. Watson*___
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] As even more alternative reasons that Plaintiff's motion fails, the Anti-Injunction Act and preclusion doctrines likely doom the motion.