IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TASHA CHAPMAN,**

    **Plaintiff,**

v.

Civil Action 2:24-cv-2051
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

**JUSTIN DAVIS,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Tasha Chapman's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $405.00 filing fee. 28 U.S.C. § 1915(b)(1). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for consideration of the Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights. (ECF No. 2.) Plaintiff, appearing *pro se*, seeks leave to participate in electronic case filing (e-filing) in this action. (*Id.*) Plaintiff's Motion, ECF No. 2, is **DENIED WITHOUT PREJUDICE**.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the

Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff, proceeding without the assistance of counsel, brings this action pursuant to Title VII of the Fair Housing Act, 42 U.S.C. § 3604, alleging unlawful discrimination "on the basis of [her] disability, familial status and race." (*See* ECF No. 1-1.) Under the Fair Housing Act, "it shall be unlawful . . . to make, print, or publish . . . any notice, statement, or advertisement, with respect to the . . . rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin[.]" 42 U.S.C. § 3604(c). A § 3604(c) claim has three elements. *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 805 F. Supp. 2d 396, 406–07 (S.D. Ohio 2011). A plaintiff must prove that: (1) defendant made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, or limitation or discrimination on the basis of a protected class. *Id.* (citing *White v. United States Dep't of Hous. & Urban Dev.,* 475 F.3d 898, 904 (7th Cir. 2007)).

Here, Plaintiff asserts claims against the following Defendants: (1) Columbus Metropolitan Housing Authority (the "CMHA"), which Plaintiff alleges administers the Housing Choice Voucher ("HCV") program in which Plaintiff participates; (2) Consultants to Government and Industry Incorporation ("CGI"), which Plaintiff alleges acts in tandem with the CMHA; (3) Heels Homes Ltd., which Plaintiff alleges owns the house Plaintiff rents and accordingly serves as Plaintiff's landlord; and (4) 4 Real Property, through Corey Barnes (collectively, "4 Real Property"), which Plaintiff alleges acts on behalf of Heels Homes Ltd. (ECF No. 1-1.)[1] Plaintiff asserts claims of family status and race discrimination against CMHA

---

[1] This is not the first time Plaintiff has asserted housing discrimination claims against these Defendants. *See also Tasha Chapman v. Columbus Metropolitan Housing Authority, et al.*, S.D. Ohio Case No. 2:24-cv-01789 ("*Chapman I*"), ECF No. 3. On May 7, 2024, the Court adopted

4

and CGI, and disability discrimination against Heels Homes Ltd. and 4 Real Property.  (*Id.*)  The Court will address these claims in turn.

First, Plaintiff has failed to allege a family status or race discrimination claim against CMHA or CGI.  While Plaintiff alleges that CMHA and CGI made statements which related to the rental of Plaintiff's home, Plaintiff has failed to allege that such statements "indicated a preference, or limitation or discrimination" on the basis of Plaintiff's family status (due to the fact that Plaintiff has children) or race.  For her family status discrimination claim, Plaintiff alleges that CMHA and CGI asked Plaintiff to provide an "updated lease" which did not list her minor children as occupants of the subject house.  (ECF No. 1-1 at PAGEID # 7.)  Plaintiff alleges that when she did not provide such information, CMHA and CGI sent her a letter which informed her that "CGI intends to terminate your participation in the [HVC] Program" because she had "failed to provide all of the requested information that was previously requested."  (*Id.*)  Regarding her race discrimination claim, on the other hand, Plaintiff does not identify any statements by CMHA or CGI which were allegedly discriminatory.

Even taking Plaintiff's allegations as true, Plaintiff only has demonstrated that CMHA and HCV notified Plaintiff that she had failed to provide all required information to maintain her participation in the HCV program.  Contrary to Plaintiff's belief, the CMHA and HCV's alleged communications did not address, let alone "indicate[] a preference, or limitation or discrimination" regarding, her family status or race.  And Plaintiff has failed to identify a statement regarding her race at all.  Accordingly, because the alleged statements only pertain to

---

the Undersigned's Report and Recommendation and dismissed Plaintiff's earlier case in its entirety for failure to state a claim.  *Chapman I*, ECF No. 6.

HCV program requirements, and not to Plaintiff's family status or race, Plaintiff has failed to state a family status or race discrimination claim against CMHA or HCV.

Plaintiff's disability discrimination claim against Heels Homes Ltd. and 4 Real Property suffers a similar defect. While Plaintiff has alleged that Heels Homes Ltd. and 4 Real Property made statements pertaining to the rental of Plaintiff's home, she again has failed to allege that such statements "indicated a preference, or limitation or discrimination" on the basis of Plaintiff's disability. Instead, the statements Plaintiff places at issue only relate to medical records for Plaintiff's emotional support animal, which Plaintiff already put at issue in *Chapman I*. The Undersigned previously discussed that claim as follows:

> While Plaintiff seems to interpret these requests as imposing undue burdens on her due to her ESA, the statements clearly are not discriminatory:
>
>> If your animal is a service animal ***I have no issues with that***. But you are supposed to notify your landlord that you have a (2 /4) service animal. The old owner was not aware that you had a dog on the property. ***You are not being asked to leave.*** The only thing we want is access to the (3 /4) building. ***We need to rekey your front door.*** Let me know a good time and date so we can change the locks and provide you with a new key. ***Also we need the ( 4 /4 )service animals records showing they are up to date on all their shots.*** You can email that to me with the email I have previously provided. Thanks
>>
>> ***
>>
>> ***[A]ll [] we need is the records*** for [Plaintiff's ESA] showing he/she is up to date on vaccines and shots.
>>
>> ***
>>
>> I need . . . . either ***a letter from the vet*** for [Plaintiff's ESA] stating [Plaintiff's ESA] has been vaccinated and up to date on shots.

*Chapman I*, ECF No. 4 at PAGEID ## 52-53.) Plaintiff again places one of these statements at issue in the subject Complaint. (*See* ECF No. 1-1 at PAGEID ## 9-10, ¶ 15.)

6

Plaintiff also again alleges that Heels Homes Ltd. and 4 Real Property made statements relating to an upcoming appraisal and inspection, but – as was the case in *Chapman I* – Plaintiff fails to identify any references to Plaintiff's disability or her ESA. (*Id.* at PAGEID # 10.) Again, as the Undersigned noted in *Chapman I*, even taking Plaintiff's allegations as true, requesting an appraisal only pertains to a landlord's right to enter Plaintiff's property (both under the terms of Plaintiff's lease and under Ohio law). (*See Chapman I*, ECF No. 4 at PAGEID # 53.) Plaintiff therefore has failed to allege any discriminatory statement, let alone that any such statement is connected to a disability.

In sum, regardless of whether Plaintiff believes she has other legitimate disputes with Defendants, she has failed to allege any discrimination claims under the Fair Housing Act based on her family status, race, or disability. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

This matter is also before the Court for consideration of the Motion to Amend Plaintiff's April 30, 2024 Complaint Against Defendant Pursuant to FRCP, ECF No. 16 (the "Motion to Amend"), the Motion to Request the Court Issue Judicial Process on My June 9, 2024 Motion for Judicial Process, ECF No. 17 (the "Motion for Judicial Process"), the Motion which "seeks the Court to view [Plaintiff's] rights under Title VIII of the Fair Housing Act for a TRO and Injunctive Relief together with [Plaintiff's] request to Amend," ECF No. 18 (the "Miscellaneous Motion"), and the Motion for Temporary Restraining Order ("TRO") and for Preliminary Injunctive Relief Pursuant to FRCP 65(b), ECF No. 20 (the "Second Motion for Temporary Restraining Order") (collectively, the "June 26, 2024 Filings").

As a threshold matter, Plaintiff filed the June 26, 2024 Filings in violation of this Court's June 18, 2024 Order, which advised Plaintiff that "to the extent that she wishes to pursue trafficking claims – even if those claims may relate to this litigation – she is **DIRECTED** to file a separate action for such claims." (ECF No. 13.) Accordingly, consistent with that Order, the Court **STRIKES** the June 26, 2024 Filings, ECF Nos. 16, 17, 18, and 20.

Alternatively, for the sake of completeness, the Court will consider the merits of the June 26, 2024 Filings. First, the Motion to Amend is not well taken, because Plaintiff did not attach her proposed amended complaint to the Motion to Amend. Plaintiff is required to do so, so that the Court can "review the proposed amendments and determine whether leave to amend should be granted." *Williams v. Green*, No. CV 0:19-131-DCR, 2020 WL 13789206, at *1 (E.D. Ky. Mar. 6, 2020) (citing *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014)). Accordingly, the Motion to Amend (ECF No. 16) is alternatively **DENIED WITHOUT PREJUDICE**. *Cook v. Trostel*, No. 2:23-CV-2314, 2024 WL 1464297, at *2 (S.D. Ohio Jan. 10, 2024) ("Because Plaintiff did not attach a copy of a proposed amended complaint, the Court will deny Plaintiff's request for leave at this time.").[2]

---

[2] The Undersigned notes that even if Plaintiff had attached a proposed amended complaint to the Motion to Amend, the Court's June 18, 2024 Order still would control any "trafficking" claims Plaintiff may have stemming from her state court eviction proceedings. (ECF No. 13.) As the Court advised Plaintiff, such claims are not related to the subject housing discrimination claims, and Plaintiff improperly, and prematurely, introduced them into this action while the initial screen of Plaintiff's claims remained pending. (*Id.*) To be clear, the Court is not foreclosing Plaintiff's ability to pursue those claims separately, nor is the Court preventing Plaintiff from amending her discrimination claims in this action now that her Complaint has been screened pursuant to 28 U.S.C. § 1915. *See Reddy v. Mediscribes, Inc.*, No. 3:20-CV-128-RGJ, 2021 WL 2941987, at *12 (W.D. Ky. July 13, 2021) ("The 28 U.S.C. § 1915 'screening must occur even before process is served or the individual has had an opportunity to amend the complaint.'") (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013)); *see also LaFountain*, 716 F.3d at 951 ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Next, in the Motion for Judicial Process, Plaintiff asks this Court to reverse its June 26, 2024 Order. (ECF No. 17 ("Plaintiff respectfully requests the U.S. District Court to NOT strike my Verified Amended Complaint and directing the Plaintiff instead to file separate causes of actions/complaints").) This is not the procedure for such a request. Instead, pursuant to Federal Rule of Civil Procedure 72, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Here, because Plaintiff has timely objected to the Court's June 26, 2024 Filing consistent with Rule 72, *see* ECF No. 19, the Motion for Judicial Process (ECF No. 17) is alternatively **DENIED AS MOOT**.

Next, Plaintiff's Miscellaneous Motion reads in its entirety as follows:

> This motion seeks the Court to view [her] rights under Title VIII [sic] of the Fair Housing Act for a TRO and Injunctive Relief together with [her] request to Amend [her] refiled Apr. 30, 2024 Complaint against Defendants to add causes of actions against the Defendant to the horrific, heinous and abhorrent act being committed against the Plaintiff since [her] refilling [sic].

(ECF No. 18.) It is unclear what relief Plaintiff seeks, so the Court construes the Miscellaneous Motion as a request to consider the Motion to Amend. Because the Court has considered the Motion to Amend already, the Miscellaneous Motion (ECF No. 18) is alternatively **DENIED AS MOOT**.

Finally, the Second Motion for Temporary Restraining Order is merely a re-filed version of the Motion for Temporary Restraining Order ("TRO") and for Preliminary Injunctive Relief Pursuant to FRCP 65(b), ECF No. 14 (the "First Motion for Temporary Restraining Order"), which this Court struck and alternatively denied on June 24, 2024. (*Compare* ECF No. 14 *with* ECF No. 20.) Accordingly, it is alternatively **RECOMMENDED** that the Court **DENY** the Second Motion for Temporary Restraining Order, for the reasons set forth in the Court's June 24, 2024 Order, ECF No. 15.

IV.

As set forth above, Plaintiff has repeatedly re-filed documents and disregarded Court Orders throughout the brief lifespan of this action, from the Complaint (which has substantial overlap with the Complaint Plaintiff filed in *Chapman I*) through Plaintiff's most recent filing, the Second Motion for Temporary Restraining Order (which is a re-filed copy of the First Motion for Temporary Restraining Order).  Mindful of Plaintiff's *pro se* status, the Court has expended significant time and resources addressing Ms. Chapman's concerns and attempting to counsel her on how to proceed with her grievances.  But given Plaintiff's multiple duplicative filings and her repeated disregard for the Court's June 18, 2024 Order, it is **RECOMMENDED** that the Court **IMPOSE** prefiling restrictions on Plaintiff going forward.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("We do not believe a person can be absolutely foreclosed from initiating an action in a court of the United States, though it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed.").

V.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date:  June 27, 2024          /s/ *Elizabeth A. Preston Deavers*
                              **ELIZABETH A. PRESTON DEAVERS**
                              **UNITED STATES MAGISTRATE JUDGE**