UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tasha Chapman,

    Plaintiff,

    v.

Justin Davis, *et al.*,

    Defendants.

Case No. 2:24-cv-2051

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On June 27, 2024, Magistrate Judge Deavers issued a Report and Recommendation ("R&R"), ECF No. 21, granting Tasha Chapman ("Plaintiff") leave to proceed in forma pauperis and recommending, after an initial screen under 28 U.S.C. § 1915(e)(2), the Court dismiss Plaintiff's Complaint. *Id.* Plaintiff objects to the R&R. Obj., ECF No. 21; Brief, ECF No. 27.

Plaintiff also objects to an earlier Order striking her First Amended Complaint. Obj., ECF No. 19; Brief, ECF No. 27.

Plaintiff also moves for a Temporary Restraining Order ("TRO") enjoining Defendant Heels Home, Ltd. ("Heels Home") and any of its agents; Sheriff Dallas Baldwin; the Franklin County Sherriff's Office, including any of its deputies or agents; and the Franklin County Municipal Court Bailiff's Office, and any of its

agents, from acting upon a "final notice" issued on July 9, 2024, in connection with the state eviction proceedings. See Mot., ECF No. 22.[1]

For the following reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's motion for a TRO is **DENIED**, and Plaintiff's case is **DISMISSED**.

## I. BACKGROUND

### A. Family Status and Race Discrimination

Plaintiff alleges the following in her Complaint. Plaintiff and her minor children participate in the Section 8 Housing Choice Voucher ("HCV") program. Compl. ¶ 1, 6, ECF No. 1-1. Plaintiff and her children are African American or Black. Id. ¶ 2.

Defendant Columbus Metropolitan Housing Authority ("CMHA") and Defendant Consultants to Government and Industry Incorporated ("CGI") sent Plaintiff an annual recertification package, related to her continued participation in the HCV program. Id. ¶ 4. The package included a "Declaration Page," demanding she provide an updated lease showing that her minor children are no longer in the house. Id. ¶ 4–5.

---

[1] The Court notes that Plaintiff also filed two Notices of Appeal. ECF Nos. 24 and 25. However, the Orders Plaintiff attempts to appeal, ECF Nos. 13 and 21, are not final appealable orders until the Court has resolved the outstanding objections. Accordingly, this Court is not divested of jurisdiction. See Lewis v. Alexander, 987 F.2d 392, 394–95 (6th Cir. 1993) ("[T]he district court retains jurisdiction over an action when an appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." (internal citations and quotations omitted)).

In March 2023, CMHA and CGI sent her a letter notifying her that CGI intended to terminate her participation in the HCV program for failing to complete the re-examination packet and failing to provide all requested information. *Id.* ¶ 6. Plaintiff did not provide an updated lease. *Id.* ¶ 7.

Based on these facts, Plaintiff brings claims against CMHA and CGI for (1) discrimination based on family status and race under 42 U.S.C. § 3613, *id.* ¶ 9, and (2) conspiracy to deprive her of her rights under the First and Fourteenth Amendments, in violation of 42 U.S.C. § 1983, *id.* ¶ 11.

**B.     Disability Discrimination**

Plaintiff leases a house located at 1539 Republic Ave., Columbus, Ohio 43211 ("Property") from Defendant Heels Homes Ltd. ("Heels Homes"), which hired Defendant 4 Real Estate ("4 Real Estate") to manage the Property. *Id.* ¶ 14. Defendant Corey Barnes ("Barnes") is an agent of 4 Real Estate. Plaintiff and her children each have a disability. *Id.* ¶ 3.

In March 2024, 4 Real Estate posted a notice on the Property advising Plaintiff that, per the Lease, pets are not allowed. *Id.* ¶ 13. Believing Plaintiff had a dog, the notice gave Plaintiff the option of paying a $400 non-refundable pet fee within 48 hours or removing the pet from the Property; it advised Plaintiff that failure to take one of these options within 48 hours would result in a violation of the Lease. *Id.* ¶ 13. Plaintiff responded to Barnes that Nemo Chapman ("Nemo"), Plaintiff's dog, was an emotional support animal ("ESA") and that Plaintiff has a disability. *Id.* ¶ 14.

Over the following week, Barnes repeatedly requested Plaintiff provide Nemo's medical records to show that he was up to date on all vaccinations. *Id.* ¶ 15. Plaintiff quotes portions of several communications. *Id.* During the same time frame, Barnes requested to do an appraisal of the Property. *Id.* ¶ 16.

Based on these facts, Plaintiff brings a claim against Heels Homes and 4 Real Estate for discrimination based on disability under 42 U.S.C. § 3613. *Id.* ¶ 19.

## II. ANALYSIS

As an initial matter, the Court first addresses Plaintiff's objections to Magistrate Judge Deaver's Order striking Plaintiff's Amended Complaint, Order, ECF No. 13 (the "June 18, 2024 Order"). *See generally*, Obj., ECF No. 19; Brief, ECF No. 26.

In Plaintiff's Amended Complaint, ECF No. 5, Plaintiff adds claims against Attorney Michael Cassone ("Cassone") and Heels Homes for retaliation under 42 U.S.C. § 3617 and for human trafficking under the Trafficking Victims Protection Act, presumably under 18 U.S.C. § 1595, which provides a private right of action for the victims of human trafficking ("New Claims"). *See* Amd. Compl. ¶ 1–10, ECF No. 5; *see also Lagayan v. Odeh*, 199 F. Supp. 3d 21, 27 (D.D.C. 2016). Both New Claims are based on the initiation of eviction proceedings in the Franklin County Municipal Court. *Id.*

The June 18, 2024 Order struck the Amended Complaint because the New Claims did not relate to the family status, race, or disability discrimination claims

raised in the original Complaint. *See* ECF No. 13. It directed Plaintiff to file the New Claims in a separate lawsuit. *Id.*

Plaintiff objects to the June 18, 2024 Order, arguing she had the right to amend her Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a), and that the New Claims *are* related to the claims in her Complaint in that Heels Homes and Cassone initiated the eviction in furtherance of the same unlawful discrimination alleged in the Complaint. *See generally*, Brief, ECF No. 26.

On de novo review, the Court finds that Plaintiff's Amended Complaint was arguably improperly stricken. *See* Fed. R. Civ. P. 15(a)(1) ("[a] party may amend its pleading once as a matter of course within ... 21 days after serving it[.]"); *see also Tolliver v. Noble*, 752 F. App'x 254, 261–62 (6th Cir. 2018) ("[S]ince the Prison Litigation Reform Act's screening requirements—28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1)—say nothing about whether a district court can allow a prisoner to amend his complaint, we have held that courts may grant leave to amend even if the inmate's complaint is otherwise subject to dismissal under the PLRA." (cleaned up)); *but see* Fed. R. Civ. P. 20(a)(2) (providing that, under the permissive joinder rules, "[p]ersons . . . may be joined in one action as defendants" only if the claims against the defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences;" and there is a "question of law or fact common to all defendants"). Accordingly, for the sake of clarity, the Court will sustain

Plaintiff's objection and conduct an initial screen of the claims in the Amended Complaint.

For the same reasons that Plaintiff's original Complaint fails to state a claim for discrimination under Title VIII of the Fair Housing Act, *see infra* Part II.C, Plaintiff cannot state a retaliation claim under 42 U.S.C. § 3617 against Cassone and Heels Homes based on the eviction. *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."). Other than the fact of the initiation of eviction proceedings, Plaintiff's Amended Complaint alleges no new facts to support her claim. *See* Amd. Compl. ¶ 1–10, ECF No. 5. Accordingly, Plaintiff's Amended Complaint fails to state a retaliation claim under 42 U.S.C. § 3617 based on the eviction.

With respect to the trafficking claim, the Amended Complaint is devoid of any facts which would support a claim based on a violation of the Trafficking Victims Protection Act. Plaintiff cites 22 U.S.C. § 7102, a definitions section, but fails to allege any *facts* to support a claim that the eviction proceedings are an abuse of legal process. Therefore, Plaintiff fails to state a trafficking claim.

In sum, Plaintiff's objections to the June 18, 2024 Order are **SUSTAINED** and the claims in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** on initial screen.

The Court now turns to Plaintiff's objections to the R&R on the original Complaint. See generally, Brief, ECF No. 27.

A.  **Family Status Discrimination**

To state a claim for discrimination under Title VIII of the Fair Housing Act, Section 3604(c), Plaintiff must allege, inter alia, a statement indicating a preference, or limitation or discrimination, on the basis of a protected class. Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp., 805 F. Supp. 2d 396, 406–07 (S.D. Ohio 2011) (citation omitted).

With respect to Plaintiff's family status discrimination claim against CMHA and CGI, the R&R finds that Plaintiff fails to allege a discriminatory statement. R&R 5–6, ECF No. 21. Plaintiff objects to the R&R's finding, arguing that CMHA and CGI's alleged statements indicate a preference for a household without minor children. Brief 5–6, ECF No. 27.

The Court disagrees that the statements indicate a preference for a household with minor children. Plaintiff alleges two of CMHA and CGI's statements were discriminatory. See Compl. ¶ 4–7, ECF No. 1-1. First, the demand that Plaintiff provide an updated lease, removing her minor children's names from the lease, Compl. ¶ 5, ECF No. 1-1, is not itself a statement showing a preference, limitation, or discrimination on the basis of family status. In fact, Plaintiff alleges CMHA and CGI did not demand other participants with minor children provide an updated lease, id., which tends to show this request was not discriminatory towards households with minor children. Second, as alleged in

the Complaint, CMHA and CGI notified Plaintiff of CGI's intent to terminate her from the HVC program, not due to her family status, but because of her failure to provide the requested information. See id. ¶ 6. Plaintiff alleges no other facts to support the discriminatory nature of the two statements, nor does Plaintiff allege any other discriminatory statements made by CMHA and CGI. Accordingly, Plaintiff fails to state a claim for discrimination based on family status,[2] and the objection is **OVERRULED**.

## B. Racial Discrimination Claim

Plaintiff also objects to the R&R's finding that Plaintiff fails to point to any racially discriminatory statements to support her claim against CMHA and CGI for discrimination based on race under Title VIII of the Fair Housing Act. Brief 8–9, ECF No. 27.

Plaintiff must allege a statement indicating a preference, or limitation or discrimination, on the basis of race. See Miami Valley Fair Hous. Ctr., Inc., 805 F. Supp. 2d at 406–07 (citation omitted). But Plaintiff does not allege any racially discriminatory action on the part of CMHA and CGI, and instead only cites the same two statements supporting her family status discrimination claim. Compl. ¶ 5–7, ECF No. 1-1. Neither of those statements indicates a preference, limitation, or discrimination based on race. That Plaintiff alleges she and her

---

[2] Plaintiff also states in her objection that an updated lease was not a true requirement of the HCV program. Brief 5, ECF No. 27. Plaintiff does allege this in the Complaint, and, in any event, Plaintiff still fails to allege the request for an updated lease was discriminatory.

children are "African American" or "Black," and Native American, Compl. ¶ 2, ECF No. 1-1, and that Defendants are white, is not enough to state a claim for discrimination based on race. Brief 9, ECF No. 27. Accordingly, the objection is **OVERRULED**.

C.  **Disability Discrimination**

Plaintiff makes three objections to the R&R regarding her disability discrimination claim.

First, Plaintiff objects to the R&R on the grounds that Plaintiff has stated a claim based on Heels Homes' and 4 Real Estate's refusal to make a reasonable accommodation for Plaintiff to keep her ESA based on her disability. Brief 6, ECF No. 27.

To state a claim based on Heels Homes' and 4 Real Estate's failure to make reasonable accommodations for Plaintiff's disability, Plaintiff must allege:

> (1) she suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation.

*Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011) (cleaned up); *see also* 42 U.S.C. § 3604(f)(3).

Here, Plaintiff fails to allege Heels Homes and 4 Real Estate refused to make the accommodation after learning of Plaintiff's disability and Nemo's ESA status. Instead, Plaintiff alleges that during the week following notice, Defendant

repeatedly requested proof that Nemo was up to date on all vaccinations. Compl. ¶ 15, ECF No. 1-1. The request for Nemo's vaccination records is not a refusal to allow Plaintiff to keep her ESA as a reasonable accommodation. *Cf., Overlook Mut. Homes, Inc.*, 415 F. App'x at 621–22 (finding that housing provider's request for information did not amount to a denial of the accommodation). Accordingly, this objection is **OVERRULED**.

Second, Plaintiff objects to the R&R's finding that "Plaintiff fails to identify any reference to Plaintiff's disability or her ESA." Brief 6, ECF No. 21.

The R&R states:

> Plaintiff also again alleges that Heels Homes [] and 4 Real [Estate] made statements relating to an upcoming appraisal and inspection, but—as was the case in *Chapman I*—Plaintiff fails to identify any references to Plaintiff's disability or her ESA.

R&R 7, ECF No. 21 (emphasis added).

Plaintiff's second objection to the R&R is unavailing. Although Plaintiff is correct that she identified statements regarding her disability and her ESA, as explained above, those statements fail to state a claim for failure to make reasonable accommodations for a disability. Further, the statements regarding the appraisal do not themselves indicate a preference, or limitation or discrimination, on the basis of Plaintiff's disability, and Plaintiff fails to otherwise allege any facts to support that Heels Homes' and 4 Real Estate's desire to do an

appraisal of the Property was discriminatory.[3] *See* Compl. ¶ 16, ECF No. 1-1. Accordingly, this objection is **OVERRULED**.

Third, Plaintiff objects to the R&R on the grounds that it was improper to consider the allegations from *Tasha Chapman v. Columbus Metropolitan Housing Authority, et al.*, Case No. 2:24-cv-1789 ("*Chapman I*"), Compl., ECF No. 3, because that Complaint was dismissed without prejudice. Brief 7–8, ECF No. 27; *see also* R&R 6, ECF No. 21. On de novo review of the objected to portions of the R&R, the Court has only considered the allegations in the Complaint in this case, ECF No. 1-1. Accordingly, this objection is **OVERRULED** as **MOOT**.

Finally, the Court turns to Plaintiff's motion for a TRO, ECF No. 22.

D. **TRO**

Plaintiff again moves for a TRO. *See*, ECF No. 22.

The United States Court of Appeals for the Sixth Circuit has recognized that the purpose of a TRO "is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). When considering whether to issue a TRO, a Court considers four factors:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent

---

[3] To the extent Plaintiff argues the appraisal statements were discriminatory because they demanded she put her ESA away during the appraisal visit, *see* Brief 7, ECF No. 27, this was not alleged in the Complaint, and even if it had been, it does not make the statements discriminatory.

a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

Ohio Democratic Party v. Donald J. Trump for President, Inc., No. 16-4268, 2016 WL 6608962, at *1 (6th Cir. Nov. 6, 2016) (internal citations omitted).

Here, because all of Plaintiff's claims have been dismissed on initial screen, Plaintiff cannot show a strong likelihood of success on the merits. Accordingly, the motion for a TRO is **DENIED**.

### III. CONCLUSION

In sum, Plaintiff's objections to the June 18, 2024 Order are **SUSTAINED** and the claims in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** on initial screen. Plaintiff's objections to the R&R are **OVERRULED**, the R&R is **ADOPTED**, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. Finally, with no remaining claims pending, Plaintiff's motion for a TRO is **DENIED**.

The Clerk shall terminate all ECF Nos. 19, 21, and 22, and un-strike ECF No. 5. The Clerk shall close this case.

Finally, the Court considers the R&R's finding that the Court should impose restrictions. This is the seventh lawsuit Plaintiff has filed in this Court, including this case, six of which were filed this year. See Chapman v. Franklin County Sheriff, et al., Case No. 2:22-cv-2524; Chapman v. Franklin County Board of Commissioners, et al., 24-cv-29; Chapman v. The State of Ohio, Case No. 2:24-cv-843; Chapman v. Columbus Metropolitan Housing Authority, et al., Case No.

2:24-cv-1789; *Chapman v. Yost*, Case No. 2:24-cv-1865; and *Chapman v. Franklin County Court of Common Pleas - General Division, et al.*, Case No. 24-cv-2258. Four of those suits have been dismissed, including one that contains many of the same allegations that are the subject of this this case. *See Chapman v. Columbus Metropolitan Housing Authority, et al.*, Case No. 2:24-cv-1789.

> "Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). The Sixth Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

*Clemons v. Ohio State Univ.*, No. 2:18-CV-1217, 2018 WL 6931871, at *4 (S.D. Ohio Nov. 5, 2018), *report and recommendation adopted sub nom. Clemons v. Kasich*, No. 2:18-CV-1217, 2018 WL 6499516 (S.D. Ohio Dec. 11, 2018), *aff'd sub nom. Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197 (6th Cir. May 1, 2019).

Based on the above, the Court deems Plaintiff a vexatious litigator and **ENJOINS** her from filing any new action in any court in this district, unless she accompanies such a new action with a certificate from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good

faith basis for the claims Plaintiff seeks to assert. If Plaintiff files another complaint in this or any other court, she is **ORDERED** to include the captions and case numbers of all of her prior actions.

The Clerk is **DIRECTED** to refuse to docket any Complaint unless accompanied by the required certificate.

**IT IS SO ORDERED.**

*[signature: Michael H. Watson]*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT